## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON LOPEZ, | ) | 3:22-CV-565 (SVN) |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANGEL QUIROS; STATE OF | ) | |
| CONNECTICUT, | ) | March 6, 2023 |
| *Respondents*. | ) | |

### RULING ON RESPONDENTS' MOTION TO DISMISS

Sarala V. Nagala, United States District Judge.

Petitioner Ramon Lopez filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state convictions for murder, attempted murder, and assault. In response to the Court's Order to Show Cause, Respondents filed a motion to dismiss the petition in its entirety, contending that Petitioner has not exhausted his state court remedies with respect to some of the grounds asserted in the petition. For the following reasons, the Court finds that, although some of the grounds asserted in the petition are not exhausted, Petitioner may proceed to consideration of the merits of his unexhausted claims to avoid impairing his right to seek federal habeas relief. Accordingly, Respondents' motion to dismiss, ECF No. 12, is GRANTED IN PART and DENIED IN PART.

### I.        FACTUAL BACKGROUND & PROCEDURAL HISTORY

The Connecticut Supreme Court, in considering Petitioner's direct appeal from his convictions, set forth the following facts that a jury reasonably could have found. *State v. Lopez*, 280 Conn. 779, 783 (2007). On February 2, 2002, the three victims—Shariff Abdul-Hakeem, Manuel Rosado, and Gary Burton—were standing outside Pettway's Variety Store at an intersection in Bridgeport, Connecticut. *Id.* Two men, nicknamed Diamond and Chef, and a third

unidentified man who was carrying a gun approached Pettway's. *Id.* Around the same time, two other men approached the store from a white car parked on a nearby street. *Id.* Although they wore cloths over their lower faces, an eyewitness named Tony Payton identified these two other men as Boo McClain and Petitioner. *Id.* McClain carried a handgun and Petitioner carried a shotgun. *Id.* at 783–84. After Petitioner cocked the shotgun, a commotion ensued, at which point Petitioner and McClain opened fire on the crowd. *Id.* at 784. A later ballistics analysis revealed that two shotguns and four handguns in total were used in the shooting. *Id.* Abdul-Hakeem died from his bullet wounds several hours after the shooting, and Rosado and Burton received bullet wounds. *Id.*

Following a jury trial, Petitioner was convicted of the murder of Abdul-Hakeem, in violation of Connecticut General Statutes § 53a-54a(a), the attempted murders of Rosado and Burton, in violation of Connecticut General Statutes §§ 53a-49 and 53a-54a(a), and assaults in the first degree of Rosado and Burton, in violation of Connecticut General Statutes § 53a-59(a)(5). *Lopez*, 280 Conn. at 785. After the verdict, the trial court granted Petitioner's motion to dismiss his trial counsel, but the trial court denied substitute counsel's motion to continue the sentencing until a date after the trial transcript would be available. *Id.* Thereafter, Petitioner was sentenced to a total effective term of one hundred years of imprisonment. *Id.* at 786.

Petitioner directly appealed to the Connecticut Supreme Court, where he raised the following arguments: that the trial court improperly denied substitute counsel's motion to continue the sentencing; that the trial court improperly admitted evidence of Petitioner's prior misconduct; that the state prosecutor engaged in several instances of misconduct in violation of due process; that there was insufficient evidence to establish his guilt beyond reasonable doubt; and that the

trial court improperly instructed the jury on accessory liability. *Id.* at 786, 793, 797–98, 807, 820. The Connecticut Supreme Court ultimately affirmed the judgment of the trial court. *Id.* at 823.

While that direct appeal was pending, Petitioner filed his first state habeas petition. *Lopez v. Comm'r of Corr.*, No. CV05-4000857-S, 2012 WL 234150, at *1 (Conn. Super. Ct. Jan. 4, 2012). The state habeas court acknowledged that the petition raised "several claims," but reasoned that the evidence presented at the habeas trial focused on Petitioner's contention that his criminal trial counsel was unconstitutionally ineffective by failing to present an alibi defense. *Id.* The state habeas court ultimately denied the petition. *Id.* at *8. The Connecticut Appellate Court affirmed, *Lopez v. Comm'r of Corr.*, 150 Conn. App. 905 (2014), and the Connecticut Supreme Court denied certification to appeal, *Lopez v. Comm'r of Corr.*, 314 Conn. 922 (2014).

While the appeal of his first state habeas petition was pending, Petitioner filed his second state habeas petition. *Lopez v. Warden*, No. CV12-4004836-S, 2019 WL 2369528, at *1 (Conn. Super. Ct. May 1, 2019). Petitioner's second state habeas petition raised the following arguments: that the prosecutor failed to disclose certain evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); that Petitioner's previous habeas counsel was unconstitutionally ineffective by failing to prove that his criminal trial counsel was unconstitutionally ineffective; and that he was actually innocent. *Lopez*, 2019 WL 2369528, at *6, 9, 17. The state habeas court ultimately denied the petition. *Id.* at *23. The Connecticut Appellate Court affirmed, *Lopez v. Comm'r of Corr.*, 208 Conn. App. 515, 517 (2021), and the Connecticut Supreme Court denied certification to appeal, *Lopez v. Comm'r of Corr.*, 340 Conn. 922 (2022).

Thereafter, in April of 2022, Petitioner filed the present federal habeas petition pursuant to § 2254. Pet., ECF No. 1. He raises eight grounds for habeas relief:

(1) that the prosecutor failed to disclose certain evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), Pet. at 30–35;

(2) that Petitioner's criminal trial counsel was unconstitutionally ineffective by failing to present an alibi defense, *id.* at 36–38;

(3) that his criminal trial counsel was unconstitutionally ineffective by failing to present a third-party culpability defense, *id.* at 39–43;

(4) that the prosecutor presented false testimony by two witnesses that they did not expect to receive favorable treatment in exchange for inculpatory testimony, *id.* at 44–46;

(5) that the criminal trial court denied Petitioner's right to counsel by improperly denying substitute counsel's motion to continue the sentencing, *id.* at 47–49;

(6) that the state prosecutor engaged in several instances of misconduct in violation of due process, *id.* at 50–52;

(7) that Petitioner's criminal trial counsel was generally unconstitutionally ineffective in various respects, *id.* at 53–61; and

(8) that he is actually innocent, *id.* at 62–63.

Following the Court's Order to Show Cause, ECF No. 5, Respondents filed the present motion to dismiss, ECF No. 12.

## II.    LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss a habeas petition, like any other motion to dismiss a civil complaint, is governed by Federal Rule of Civil Procedure 12(b)(6). *Spiegelmann v. Erfe*, No. 3:17-CV-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018) (reviewing motion to dismiss § 2254 petition under Fed. R. Civ. P. 12(b)(6)). To survive dismissal, the petition must "contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57.

Because Petitioner filed the present petition *pro se*, the Court must construe his filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). "Despite the special solicitude that the Court must show [Petitioner] out of consideration for his pro se status, his petition must still include sufficient factual allegations to meet the standard of facial plausibility to survive a motion to dismiss under Rule 12(b)(6)." *Anderson v. Williams*, No. 3:15-CV-1364 (VAB), 2017 WL 855795, at *6 (D. Conn. Mar. 3, 2017) (citation and internal quotation marks omitted).

In considering a motion to dismiss, the court typically may consider only the complaint, or, here, the petition. However, the petition "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference," as well as any documents deemed "integral" to the petition. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (citations and internal quotation marks omitted). *See also Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005) (explaining that, in considering a motion to dismiss, "the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint"). To that end, because the petition relies on the various state court proceedings underlying the procedural history of this case, the Court will

consider the documents relevant to those proceedings, some of which were cited in the petition and others of which were submitted by Respondents in support of the motion to dismiss.

    B. Exhaustion of State Court Remedies

   The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(b)(1)(A), requires a state prisoner to exhaust all available state court remedies before seeking federal habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement seeks to promote considerations of comity and respect between the federal and state judicial systems by affording the state court the first opportunity to correct a constitutional violation. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)); *see also Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism.").

   To satisfy the exhaustion requirement, a habeas petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair opportunity to correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). A petitioner "fairly present[s]" their federal claim to the state court by "alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan*, 513 U.S. at 365–66). Specifically, the petitioner must have informed the state court of the factual premise of the federal claim by setting forth "all of the essential factual allegations," and he must have informed the state court of the legal premise of the federal claim by raising "essentially the same legal doctrine" in the state court. *Daye v. Attorney Gen. of Stat of N.Y.*, 696 F.2d 186, 191–92 (2d

Cir. 1982) (citing, among others, *Picard v. Connor*, 404 U.S. 270, 276–77 (1971)).  A petitioner does not "fairly present" a claim to a state court, however, if the petitioner's filing "does not alert [the state court] to the presence of a federal claim," such that the state court would have to "read beyond" the filing to find a federal claim raised.  *Baldwin*, 541 U.S. at 32.

In some instances, a federal habeas petition may be "mixed," meaning that it contains "both exhausted and unexhausted claims."  *Rhines v. Weber*, 544 U.S. 269, 273 (2005).  When presented with a mixed petition, a district court has discretion either to dismiss the petition in its entirety, or to stay the federal habeas proceeding to afford the petitioner an opportunity to exhaust his unexhausted claims in state court.  *Id.* at 278–79; *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001).  Staying the federal habeas proceeding is generally disfavored because it frustrates the objectives of the exhaustion requirement, and a stay is therefore available "only in limited circumstances."  *Rhines*, 544 U.S. at 277.  Specifically, a district court should stay, rather than dismiss, a mixed petition when three requirements are met: (1) the petitioner had "good cause" for his failure to fully exhaust, (2) the unexhausted claims are "potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Id.* at 278; *accord Woodard v. Chappius*, 631 F. App'x 65, 66 (2d Cir. 2016) (summary order).  If the district court determines that a stay is inappropriate, however, the court "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."  *Rhines*, 544 U.S. at 278.

In addition, exhaustion may be excused if the habeas petitioner can demonstrate that it would be futile.  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  Exhaustion is futile when "there is an absence of available State corrective process," or when "circumstances exist that render such

process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). "In other words, there must be *no opportunity* to obtain redress in state court or the state process must be *so clearly deficient* as to render *futile* any effort to obtain relief." *Jumpp v. Cournoyer*, No. 3:15-CV-00892 (VLB), 2016 WL 3647146, at *3 (D. Conn. June 30, 2016) (emphasis in original) (citing *Duckworth*, 454 U.S. at 3).

### III.   DISCUSSION

As noted above, Petitioner's federal habeas petition raises eight grounds for relief.[1]  In the present motion to dismiss, Respondents concede that Grounds One, Two, and Five were fully exhausted by the state courts.  Respondents contend, however, that Grounds Three, Four, Six, and Seven are unexhausted in at least some respects.  Because the present petition is mixed, they argue, it should be dismissed in its entirety.

The Court considers each of the four grounds which Respondents contend are unexhausted below and concludes that certain of Petitioner's claims remain unexhausted.  Because Petitioner has expressed a desire in his opposition to Respondents' motion to dismiss to excise the unexhausted claims and proceed with the exhausted claims, the Court will allow him to do so.

---

[1] The last of these grounds, that Petitioner is actually innocent, does not constitute a freestanding basis for a habeas claim.  *See Rivas v. Fischer*, 687 F.3d 514, 540 & n.34 (2d Cir. 2012) (recognizing that the Supreme Court "has never explicitly recognized the existence of a freestanding actual innocence claim"); *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019) ("Once guilt is so established [by a trial], however, a federal habeas court will not relitigate the question of guilt for a state defendant to protests his actual innocence.  Rather, a federal habeas court will review state convictions for constitutional error.").  A "credible and compelling" claim of actual innocence *can* be considered as a so-called "gateway claim" in a situation where the constitutional claim is procedurally defaulted in some manner, such as by an untimely filing.  *Id.* at 656.   *See also Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (explaining that procedural default is a habeas doctrine "under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the petitioner failed to abide by a state procedural rule"); *Rivas*, 687 F.3d at 517 (describing types of procedural barriers).  Because none of the grounds for habeas relief asserted in the present petition are procedurally defaulted, however, the Court will not consider Petitioner's actual innocence claim.

A.  Ground Three

In his third ground for habeas relief, Petitioner contends that his criminal trial counsel was unconstitutionally ineffective by failing to investigate and present a third-party culpability defense. Specifically, he contends that criminal trial counsel failed to present testimony of Burton, one of the surviving victims, and two other witnesses, Kiaga Johnson and Desiree Jones.  Those witnesses all stated that three Black men committed the shooting, suggesting that Petitioner did not commit the shooting because he is a light-skinned Hispanic man.  Relatedly, Petitioner contends that his criminal trial counsel failed to present ballistic and testimonial evidence connecting the subject shooting to an apartment robbery committed one week prior in Bridgeport by Rosado, one of the surviving victims, Rosado's brother, and three other Black men.  Pet. at 39–43.

Neither Petitioner's direct appeal nor his first state habeas petition referenced any failure by criminal trial counsel to raise a third-party culpability defense.  In his second state habeas petition, Petitioner raised various claims of ineffective assistance of criminal trial counsel, and the state habeas court dismissed those claims as barred by the Connecticut Practice Book.  *Lopez*, 2019 WL 2369528, at *9.  The second state habeas court, however, considered Petitioner's claim that his first habeas counsel was unconstitutionally ineffective because that counsel failed to present a claim of ineffective assistance of his criminal trial counsel for failing to raise a third-party culpability defense.  *Id.* at *9–10 (citing *Lozada v. Warden*, 223 Conn. 834, 835 (1992), in which the Connecticut Supreme Court recognized a state statutory right for a successive habeas petitioner to claim ineffective assistance against prior habeas counsel for failing to present an ineffective assistance claim against criminal trial counsel).  The second state habeas court then found that Petitioner's first habeas counsel exercised reasonable professional judgment in not pursuing an ineffective assistance claim against his criminal trial counsel relating to a third-party culpability

defense. *Id.* at *16–17. Relevant here, the state habeas court considered all the evidence presented at the criminal trial, the first state habeas trial, and the second state habeas trial, and ultimately found that the third-party culpability evidence was "tangled, tenuous, and conjectural." *Id.* at *16.

Petitioner's claim, raised in his second state habeas petition, that his first state habeas counsel was ineffective for failing to bring a claim of ineffective assistance of criminal trial counsel relating to a third-party culpability defense satisfies the exhaustion requirement. Courts in this district have explained that, in light of Connecticut law on this issue, "a petitioner may exhaust an ineffective assistance of trial counsel claim by filing a state habeas petition asserting a claim that habeas trial counsel . . . was ineffective in neglecting to raise that ineffective assistance of trial counsel claim." *Abrams v. Comm'r of Corr.*, No. 3:17-CV-1732 (MPS), 2019 WL 919581, at *10 (D. Conn. Feb. 25, 2019). *See also Gonzalez v. Comm'r*, No. 3:11-CV-1012 (VLB), 2012 WL 3000402, at *4 (D. Conn. July 20, 2012); *Coleman v. Semple*, No. 3:11-CV-512 (JBA), 2012 WL 2515541, at *6 (D. Conn. June 28, 2012). This is because the successive habeas judge "must necessarily decide the merits of the ineffective assistance of trial counsel claim to determine whether habeas counsel . . . was ineffective for failing to [raise] the claim in a prior petition." *Abrams*, 2019 WL 919581, at *10. Accordingly, Petitioner's claim in the present petition that his criminal trial counsel was unconstitutionally ineffective for failing to present a third-party culpability defense was necessarily adjudicated by the second state habeas court, and thus is fully exhausted.

### B.  Ground Four

In his fourth ground for habeas relief, Petitioner contends that the prosecutor failed to correct the false testimony of two witnesses that they did not expect to receive favorable treatment in exchange for providing inculpatory testimony in Petitioner's criminal trial. Specifically,

Petitioner represents that Rosado, one of the surviving victims, and another eyewitness, Tony Payton, were the only two witnesses who identified Petitioner at the scene of the shooting. Petitioner further represents that both witnesses waited several months to speak to the police about the subject shooting, and that, by the time they did, they had both been charged for unrelated criminal conduct.  Although both witnesses testified that they had no agreements or arrangements with the prosecution in exchange for their testimony implicating Petitioner, both later received favorable consideration in their unrelated criminal charges.  Pet. at 44.

Petitioner's direct appeal raised several instances of prosecutorial misconduct with respect to Payton's and Rosado's testimony, but none of the issues discussed therein pertain to the prosecutor's alleged failure to correct their testimony that they did not expect to receive favorable treatment.  *See Lopez*, 280 Conn. at 800–01, 804, 809.  Petitioner's first state habeas petition did not reference any unconstitutional error with respect to Payton's or Rosado's testimony.

In Petitioner's second state habeas petition, Petitioner asserted that the prosecutor's failure to correct Payton's and Rosado's false testimony regarding their expectations of favorable treatment violated *Brady v. Maryland*, 373 U.S. 83 (1963).  *Lopez*, 2019 WL 2369528, at *6.  The habeas court dismissed Petitioner's claims with respect to both witnesses.  *Id.*  Specifically with respect to Rosado, Petitioner's claim was dismissed following a good cause hearing but before the habeas trial.  *Id.*  With respect to Payton, the habeas court noted that Petitioner's posttrial brief failed to discuss this claim with respect to Payton and thus deemed the claim abandoned.  *Id.*

The Connecticut Appellate Court affirmed the judgment of the state habeas court in a short per curiam opinion adopting the habeas court's decision.  *Lopez*, 208 Conn. App. at 518.  The court specifically noted that Petitioner claimed error from the state habeas court's dismissal of his *Brady* claims related to Payton's and Rosado's testimony, and the court simply stated that the habeas

court "acted properly" when dismissing those claims.  *Id.* at 517 n.1.  When petitioning for certification to the Connecticut Supreme Court, Petitioner argued that the habeas court erred in dismissing his *Brady* claim related to Rosado's testimony at the good cause hearing, but Petitioner did not raise any argument about the habeas court's dismissal of his *Brady* claim related to Payton's testimony.  ECF No. 12-19 at 9–10.

Based on this procedural history, the Court concludes that Ground Four is exhausted with respect to Petitioner's claim that the prosecutor failed to correct Rosado's testimony regarding his expected favorable treatment, but Ground Four is not exhausted with respect to Petitioner's claim that the prosecutor failed to correct Payton's testimony regarding his expected favorable treatment. Although Petitioner sought Connecticut Supreme Court review of his claim pertaining to Rosado's testimony, he did not seek review of his claim pertaining to Payton's testimony, as required to fully exhaust that claim.  *See Baldwin*, 541 U.S. at 29 (explaining that exhaustion requires a petitioner to fairly present his claim to "each appropriate state court," including "a state supreme court with powers of discretionary review").

### C.  Ground Six

In his sixth ground for habeas relief, Petitioner contends that seven instances of prosecutorial misconduct violated his right to due process.  Petitioner primarily contends that these instances of prosecutorial misconduct, considered together, constitute "cumulative error" warranting habeas relief.  This "cumulative error" theory was not raised in Petitioner's direct appeal or state habeas petitions, but Petitioner argues that exhaustion should be excused as futile because Connecticut law does not recognize a legal theory of "cumulative error."

Under federal law, "the cumulative effect of a trial court's errors, even if they are harmless when considered singly, may amount to a violation of due process requiring reversal of a

conviction." *United States v. Al-Moayad*, 545 F.3d 139, 178 (2d Cir. 2008) (collecting cases).  The Connecticut Supreme Court, however, has repeatedly declined to adopt the federal court's "cumulative error" doctrine.  In most instances, the court has had no need to adopt the doctrine because of the particular circumstances of the case.[2]  *Hinds v. Comm'r of Corr.*, 321 Conn. 56, 95–97 (2016) (declining to consider whether to adopt the "cumulative error" doctrine because the errors claimed would not satisfy that doctrine); *Breton v. Comm'r of Corr.*, 325 Conn. 640, 703 (2017) (noting that it is "an open question" whether cumulative error claims are cognizable under Connecticut law, but reasoning that the court needed not resolve the question in light of the absence of prejudice in that case); *State v. Campbell*, 328 Conn. 444, 557 (2018) (declining to consider whether to adopt the "cumulative error" doctrine because, as in *Hinds*, the errors claimed would not satisfy that doctrine); *State v. Tomlinson*, 340 Conn. 533, 570 n.14 (2021) (noting that the Connecticut Supreme Court "does not recognize the cumulative error rule" and declining to address the criminal defendant's argument under that doctrine because the defendant did not argue that it should apply).

The Court is not convinced that this line of cases demonstrates that raising a cumulative error claim in state court would be futile as contemplated by AEDPA, 28 U.S.C. § 2254(b)(1)(B). The U.S. Supreme Court has explained that exhaustion is not necessarily futile when the state court is "unsympathetic" to the claim because "[e]ven a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid." *Engle v. Isaac*, 456 U.S. 107, 130 (1982).  *See also Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (citing

---

[2] *But see State v. Tillman*, 220 Conn. 487, 505 (1991) (independent of the federal cumulative error doctrine, declining to permit a claim of cumulative error and characterizing such a claim as "a new constitutional claim in which the totality of the alleged constitutional error is greater than the sum of its parts").  The Connecticut Appellate Court often cites *Tillman* when declining to consider cumulative error claims.  *See Cooke v. Comm'r of Corr.*, 194 Conn. App. 807, 819 (2019) (citing *Tillman*, 220 Conn. at 505); *Antwon W. v. Comm'r of Corr.*, 172 Conn. App. 843, 850–51 (2017) (same).

*Bousley v. United States*, 523 U.S. 614, 623 (1998), for the proposition that a habeas petitioner "may not bypass state courts merely because they may be unreceptive to the claim"). The Second Circuit has recognized a narrow exception to this principle, under which "it is futile to require exhaustion where prior state case law has consistently rejected a particular constitutional claim." *DiSimone v. Phillips*, 461 F.3d 181, 191 (2d Cir. 2006). *See also Hawkins v. West*, 706 F.2d 437, 440–41 (2d Cir. 1983) (reasoning that the "logical extreme" of the rule stated in *Engle* would obviate the futility exception). But the Second Circuit requires *consistent rejection* of the constitutional claim at issue to warrant a finding of futility. *DiSimone*, 461 F.3d at 191 (ultimately finding that exhaustion would not be futile). Here, as recently as 2017, the Connecticut Supreme Court noted that it is an "open question" whether cumulative error is a cognizable theory, *Brenton*, 325 Conn. at 703, and the court has in several instances avoided deciding whether to adopt the federal cumulative error rule by reasoning that the rule would not have been met in light of the facts of the particular case. *Hinds*, 321 Conn. at 95–97; *Campbell*, 328 Conn. at 557.

Accordingly, the Court cannot conclude that the Connecticut Supreme Court has *consistently rejected* a cumulative error claim, and thus the Court cannot find that exhaustion would be futile. Petitioner's claim of cumulative prosecutorial misconduct in violation of due process is therefore unexhausted.

Construing the petition to assert the strongest claims suggested therein, *Triestman*, 470 F.3d at 474, the Court also reads Ground Six as asserting seven individual claims of prosecutorial misconduct in violation of due process. Because exhaustion requires a petitioner to have informed the state court of the "essential factual allegations" and "legal doctrine" raised in the federal habeas petition, *Daye*, 696 F.2d at 191–92, the Court considers each instance of prosecutorial misconduct in turn.

### 1. Failing to Disclose Evidence Concerning Separate Robbery

Petitioner first alleges that the prosecutor failed to disclose favorable evidence of the apartment robbery committed one week prior, which he alleges was connected to the subject shooting by witness testimony and ballistics evidence.  Pet. at 50.  Respondents represent that this instance of alleged prosecutorial misconduct is independently raised in Ground One and, as with respect to Ground One, they concede that this claim is exhausted.

### 2. Failure to Correct False Testimony by Payton and Rosado

Petitioner next alleges that the prosecutor failed to correct the false testimony of Payton and Rosado that they had no expectation of favorable treatment in exchange for their testimony implicating Petitioner.  Pet. at 50.  Respondents represent that this instance of alleged prosecutorial misconduct is independently raised in Ground Four, and they maintain that this claim is unexhausted for the same reasons that Ground Four is unexhausted.  As explained above with respect to Ground Four, Petitioner's claim that the prosecutor failed to correct Rosado's testimony regarding his expected favorable treatment is exhausted, but Petitioner's claim that the prosecutor failed to correct Payton's testimony regarding his expected favorable treatment is not exhausted.

### 3. Improper Elicitation of Testimony from Payton Regarding His Brother's Death

Petitioner next alleges that the prosecutor improperly elicited testimony from Payton that his brother, who had been present at the shooting, was killed as a result of the prosecution of Petitioner's case. Pet. at 50.  On direct appeal, Petitioner claimed that he was deprived due process of law because the prosecutor improperly elicited this testimony, and the Connecticut Supreme Court held that there was no misconduct in the prosecutor's questioning of Payton in that respect. *Lopez*, 280 Conn. at 800–01.  Accordingly, Petitioner's due process claim arising from this alleged prosecutorial misconduct was fairly presented to the Connecticut Supreme Court and is exhausted.

### 4. Improper Elicitation of Testimony from Payton Regarding His Fear for His Safety

Petitioner next alleges that the prosecutor "elicited testimony from trial witnesses regarding facts not in evidence," specifically, testimony by Payton that he feared for his safety in light of his testimony in Petitioner's prosecution. Pet. at 50–51. On direct appeal, Petitioner claimed that he was deprived due process of law because the prosecutor improperly elicited this testimony, and the Connecticut Supreme Court held that there was no misconduct in the prosecutor's questioning of Payton in that respect. *Lopez*, 280 Conn. at 801–03. Accordingly, and as conceded by Respondents, Petitioner's due process claim arising from this alleged prosecutorial misconduct was fairly presented to the Connecticut Supreme Court and is exhausted.

### 5. Misrepresentation of Nature and Strength of State's Case

Petitioner next alleges that the prosecutor "fundamentally misrepresented" the nature and strength of the State's case to the jury in two respects. Pet. at 51. First, Petitioner contends that the prosecutor failed to inform the jury that Petitioner was the only individual charged for the shooting despite evidence that there were multiple assailants. *Id.* In his second state habeas petition, Petitioner claimed that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose that other suspects in the shooting were never prosecuted. *Lopez*, 2019 WL 2369528, at *6. The state habeas court rejected this claim because the fact that Petitioner was the only individual charged was not properly considered exculpatory evidence. *Id.* Petitioner's petition for certification to the Connecticut Supreme Court did not mention this *Brady* violation. Thus, Petitioner did not exhaust his state court remedies with respect to this aspect of prosecutorial misconduct. *See Baldwin*, 541 U.S. at 29.

Second, Petitioner contends that the prosecutor misrepresented the nature and strength of the State's case by commenting on the testimony of five witnesses who did not identify Petitioner

as one of the shooters.  Pet. at 51.  On direct appeal, Petitioner claimed that he was deprived due process of law because the prosecutor improperly commented on facts not in evidence during closing arguments.  *Lopez*, 280 Conn. at 803.  Specifically, the prosecutor stated that the fact that five witnesses could not identify Petitioner did not exclude Petitioner as a shooter, but the Connecticut Supreme Court found no prosecutorial misconduct in that statement.  *Id.* at 803–04. Accordingly, and as conceded by Respondents, Petitioner's due process claim arising from this alleged prosecutorial misconduct was fairly presented to the Connecticut Supreme Court and is exhausted.

### 6. Improper Vouching for Credibility of Witnesses

Petitioner next alleges that the prosecutor "improperly vouched for the credibility of" Payton and Rosado.  Pet. at 51.  On direct appeal, Petitioner claimed that he was deprived due process of law because the prosecutor effectively vouched for the credibility of those witnesses by telling the jury "that the government would punish them if they committed perjury," but the Connecticut Supreme Court found no prosecutorial misconduct in that statement.  *Lopez*, 280 Conn. at 804, 806–07.  Accordingly, and as conceded by Respondents, Petitioner's due process claim arising from this alleged prosecutorial misconduct was fairly presented to the Connecticut Supreme Court and is exhausted.

### 7. Interference with State Habeas Proceedings

Petitioner next alleges that the prosecutor committed further misconduct after Petitioner's convictions by interfering with his state habeas proceedings upon learning that Petitioner had alleged *Brady* violations.  Pet. At 51.  After reviewing the ruling on Petitioner's direct appeal, first state habeas petition, and second state habeas petition, however, the Court does not find any claim presented to a Connecticut state court that resembles this claim.  Petitioner points to the

Connecticut Supreme Court's list of instances of alleged prosecutorial misconduct raised on direct appeal, *Lopez*, 280 Conn. at 798, all of which were discussed above and none of which pertain to any alleged post-conviction conduct by the prosecutor.  Accordingly, Petitioner's due process claim arising from this alleged prosecutorial misconduct is not exhausted.

       D.  <u>Ground Seven</u>

In his seventh ground for habeas relief, Petitioner contends that his criminal trial counsel's various performance deficiencies, considered cumulatively, amount to unconstitutionally ineffective assistance of counsel.  Pet. At 53.  As with respect to Ground Six, Petitioner argues that exhaustion should be excused as futile because Connecticut law does not recognize a legal theory of "cumulative error."  The Court rejects this argument for the same reasons articulated with respect to Ground Six above.  Again construing the petition to assert the strongest claims suggested therein, the Court also reads Ground Seven as asserting individual claims of unconstitutionally ineffective assistance of counsel, and considers each in turn.

Ground Seven identifies eight instances when Petitioner's criminal trial counsel was allegedly unconstitutionally ineffective.  Specifically, Petitioner alleges that criminal trial counsel: (1) was generally ineffective by failing to investigate relevant witnesses, failing to understand the facts of the case, failing to meet with Petitioner, failing to object when needed throughout trial, and failing to perform adequately due to substance abuse issues, Pet. at 53–61 ¶¶ 3, 5–6, 10, 15; (2) failed to retain experts regarding the inherent unreliability of eyewitness testimony and crime scene reconstruction, *id.* ¶¶ 13–14; (3) failed to investigate the "Robinson Report," a police report Petitioner claims linked the firearms used in the subject shooting to the apartment robbery committed one week earlier, *id.* ¶ 20; (4) failed to seek the recusal of a biased juror, *id.* ¶ 21; (5) failed to present an alibi defense, *id.* ¶ 4; (6) failed to impeach Burton and present evidence linking

the subject shooting to the prior apartment robbery, *id.* ¶¶ 9, 11; (7) failed to impeach Payton and Rosado, *id.* ¶¶ 7–8; and (8) failed to investigate and call twelve exculpatory witnesses, *id.* ¶¶ 12, 16–19, 22–27.

The Court finds these instances either unexhausted or duplicative of other grounds raised in the petition.  To begin, the first four instances—concerning criminal trial counsel's generally deficient performance, failure to retain experts, failure to investigate a report, and failure to seek juror recusal—are not mentioned in any of the underlying proceedings and, accordingly, are unexhausted.  The fifth instance, concerning criminal trial counsel's failure to present an alibi defense, is duplicative of Ground Two, which Respondents conceded was exhausted.  The sixth instance, concerning criminal trial counsel's failure to impeach Burton, one of the victims, and counsel's failure to present evidence linking the subject shooting to the prior apartment robbery, is effectively duplicative of Petitioner's contention in Ground Three that criminal trial counsel failed to present a third-party culpability defense, which the Court held above was exhausted.

The seventh instance concerns criminal trial counsel's failure to impeach Payton and Rosado.[3]  With respect to Payton, this instance of alleged ineffective assistance of counsel is not mentioned in any of the underlying proceedings.  In Petitioner's second state habeas petition, he alleged that his first habeas counsel was unconstitutionally ineffective by failing to prove that his criminal trial counsel was unconstitutionally ineffective by failing to effectively cross-examine and impeach Rosado.  *Lopez*, 2019 WL 2369528, at *17.  The habeas court, however, noted that Petitioner's posttrial brief failed to discuss this claim and thus deemed it abandoned.  *Id.*  The Connecticut Appellate Court affirmed the judgment of the state habeas court in a short per curiam opinion adopting the habeas court's decision, without any specific reference to this claim.  *Lopez*,

---

[3] This claim, which concerns criminal trial counsel's allegedly deficient performance, is not duplicative of Ground Four, which concerned the prosecutor's failure to correct these witness' testimonies.

208 Conn. App. at 518.  When petitioning for certification to the Connecticut Supreme Court, Petitioner did not raise any argument about the habeas court's dismissal of his claim that his criminal trial counsel failed to effectively cross-examine and impeach Rosado.  *See generally* ECF No. 12-19.  Thus, Petitioner did not exhaust his state court remedies with respect to this instance of allegedly ineffective assistance of counsel.  *See Baldwin*, 541 U.S. at 29.

The eighth instance concerns criminal trial counsel's failure to call twelve exculpatory witnesses: Brad Rainey, Mike Lockhart, a.k.a. "Chef," McClain, a.k.a. "Kiser," Lou Diamond, Elijah Lewis, Latesha and Shayla DelGuidice, Jerri Kollock, Vincent Wilson, a.k.a. "Fifi," Marcus Mahoney, Detective Delmonti, and Sargent Giselle.  Pet. at 53–61 ¶¶ 12, 16–19, 22–27.  Many of Petitioner's allegations concerning these witnesses pertain to the alibi and third-party culpability defenses addressed in Grounds Two and Three and are duplicative in that regard.  To the extent Petitioner seeks to raise a claim that his criminal trial counsel was unconstitutionally ineffective solely due to his failure to investigate and call those witnesses apart from any alibi or third-party culpability defense, such claim is not mentioned in any of the underlying proceedings and is thus unexhausted.

In sum, dismissal of Ground Seven is warranted because those instances that are not unexhausted are duplicative of other grounds raised in the petition.

E.   Dismiss, Stay, or Proceed

To summarize, Petitioner has fully exhausted four grounds for habeas relief: Grounds One, Two, Three, and Five.  Petitioner has partially exhausted Ground Four with respect to his claim that the prosecutor failed to correct Rosado's testimony regarding his expected favorable treatment, but not with respect to his similar claim regarding Payton's testimony.  Petitioner has also partially exhausted Ground Six.  Specifically, he has not exhausted his claim of cumulative

error from prosecutorial misconduct, and he has not exhausted two of his claims of individual prosecutorial misconduct; but he has exhausted the remaining six of his claims of individual prosecutorial misconduct.  To the extent Ground Seven is not duplicative of other grounds asserted in the petition, Petitioner has failed to exhaust Ground Seven.

There are three possible ways the Court could address the present mixed petition.  First, the Court has discretion to dismiss the petition in its entirety, as urged by Respondents.  Second, if certain requirements are met, the Court has discretion to stay the exhausted claims so Petitioner can pursue exhaustion of the unexhausted claims in Connecticut state court.  Third, if the Court determines that dismissing the petition would impair Petitioner's right to seek federal relief, the Court can allow Petitioner to sever the unexhausted claims and proceed to the merits on his federal habeas petition with respect to only the exhausted claims.  *See Rhines*, 544 U.S. at 278–79.  In opposing Respondents' motion to dismiss, Petitioner repeatedly states that, if faced with dismissal of his petition, he would prefer to abandon the unexhausted claims and proceed to consideration of the merits of his exhausted claims.  Opp. to Mot. to Dismiss, ECF No. 15, at 1–2.

As a preliminary matter, the Court notes that a stay is not the appropriate recourse here.  A stay of federal habeas proceedings is appropriate only in limited circumstances when (1) the petitioner had "good cause" for his failure to fully exhaust, (2) the unexhausted claims are "potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Rhines*, 544 U.S. at 278.  Petitioner has not identified any cause for his failure to fully exhaust his claims, which is dispositive on the issue of whether a stay is appropriate.

The Court concludes, however, that dismissal of the mixed petition would impair Petitioner's right to seek federal habeas relief.  Under AEDPA, 28 U.S.C. § 2244(d)(1), a federal habeas petitioner must file his petition within one year after his conviction becomes final.  That

one-year limitation period is tolled during the pendency of state habeas petitions, *id.* § 2244(d)(2), but it is *not* tolled during the pendency of a federal habeas petition, *Duncan*, 533 U.S. at 181. Here, Petitioner filed his first state habeas petition while his direct appeal was still pending, and he filed his second state habeas petition while the appeal of his first state habeas petition was still pending. Accordingly, the one-year limitation period began to run on January 12, 2022, the day after the Connecticut Supreme Court denied Petitioner's petition for certification to appeal with respect to his second state habeas petition. *Lopez*, 340 Conn. at 922. The one-year limitation period expired on January 12, 2023. Although the present petition was filed within that time period, any refiled federal habeas petition would be untimely under AEDPA.

Because dismissal would impair Petitioner's right to seek federal habeas relief, and because Petitioner has indicated that he desires to proceed to the merits with respect to his exhausted claims, the Court will not dismiss the mixed petition in its entirety. Rather, the Court will grant in part and deny in part Respondents' motion to dismiss, dismiss the unexhausted claims, and order Respondents to show cause why the relief prayed for in the exhausted claims of the petition should not be granted.

## IV.   CONCLUSION

For the reasons described above, Respondents' motion to dismiss, ECF No. 12, is GRANTED IN PART and DENIED IN PART. Respondents' motion is granted with respect to the following claims, which the Court deems unexhausted or otherwise insufficient to state a habeas claim:

- Petitioner's claim, alleged as part of Ground Four, that the prosecutor failed to correct Payton's testimony regarding his expected favorable treatment;

- Petitioner's claim, alleged as part of Ground Six, that the cumulative effect of all instances of prosecutorial misconduct deprived him of due process;

- Petitioner's claim, alleged as part of Ground Six, that the prosecutor failed to inform the jury that Petitioner was the only individual charged for the shooting despite evidence that there were multiple assailants in violation of due process;

- Petitioner's claim, alleged as part of Ground Six, that the prosecutor interfered with his post-conviction state habeas proceedings;

- Petitioner's claims of cumulative and individual unconstitutionally ineffective assistance of counsel, alleged in Ground Seven; and

- Petitioner's claim of actual innocence, alleged in Ground Eight.

Respondents' motion to dismiss is denied in all other respects.  By **May 1, 2023,** Respondents shall show cause why the relief prayed for in the exhausted claims of the petition should not be granted.  Petitioner shall respond by **May 30, 2023.**  Respondents may file a reply brief by **June 13, 2023.**

      **SO ORDERED** at Hartford, Connecticut, this 6th day of March, 2023.

                  */s/ Sarala V. Nagala*
                  SARALA V. NAGALA
                  UNITED STATES DISTRICT JUDGE